ROS.26085

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **MARIA C. MONTOYA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| | § | |
| **ROSS STORES, INC., a corporation d/b/a** | § | |
| **ROSS DRESS FOR LESS INC., and d/b/a** | § | |
| **ROSS STORES TEXAS L.P.,** | § | |
| **Defendant.** | § | |

## DEFENDANT'S INDEX OF DOCUMENTS

The following Exhibits are relied upon and incorporated by reference in Defendant Ross Stores, Inc.'s Notice of Removal:

1. State Court Docket Sheet;

2. Plaintiff's Original Petition, filed August 31, 2021;

3. Citation on Ross Stores, Inc., issued August 31, 2021, and served September 7, 2021; and

4. Defendant's Original Answer, filed October 4, 2021.

Respectfully submitted,

**FLETCHER, FARLEY
SHIPMAN & SALINAS, LLP**

 */s/ Fernando P. Arias*
**FERNANDO P. ARIAS**
**ATTORNEY IN CHARGE**
State Bar No. 24025946
9201 N. Central Expressway, Suite 600
Dallas, Texas  75231
214-987-9600
214-987-9866  fax
fred.arias@fletcherfarley.com

**ATTORNEY FOR DEFENDANT
ROSS STORES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument was electronically filed via the Court's CM/ECF system and a true and correct copy of same was delivered to all counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this the 7th day of October, 2021.

 */s/ Fernando P. Arias*
**FERNANDO P. ARIAS**

# EXHIBIT
# "1"

## Case Information

CC-21-03729-D | MARIA C MONTOYA vs.ROSS STORES, INC., A CORPORATION D/B/A ROSS DRESS FOR LESS INC., AND D/B/A ROSS STORES TEXAS L.P

| Case Number | Court | Judicial Officer |
|---|---|---|
| CC-21-03729-D | County Court at Law No. 4 | ROSALES, PAULA |
| File Date | Case Type | Case Status |
| 08/31/2021 | DAMAGES (NON COLLISION) | OPEN |

## Party

PLAINTIFF
MONTOYA, MARIA C

Address
2201 MAIN STREET, 9TH FLOOR
DALLAS TX 75201

Active Attorneys▼
Lead Attorney
TORRIS STINNETT, ARYSSA LEANN
Retained

DEFENDANT
ROSS STORES, INC., A CORPORATION D/B/A ROSS DRESS FOR LESS INC., AND D/B/A ROSS STORES TEXAS L.P

Address
SERVE ITS REGISTERED AGENT:
C.T. CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS TX 75201

Active Attorneys▼
Lead Attorney
ARIAS, FERNANDO P.
Retained

## Events and Hearings

08/31/2021 NEW CASE FILED (OCA)

08/31/2021 ORIGINAL PETITION ▼

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Comment
PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

09/02/2021 JURY TRIAL DEMAND

09/02/2021 ISSUE CITATION ▾

CITATION 2012

Comment
ESERVE# 56987887

09/07/2021 CITATION (SERVICE)▾

Served
09/07/2021

Anticipated Server
ATTORNEY

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
09/08/2021
Comment
ROSS STORES, INC., A CORPORATION D/B/A ROSS DRESS FOR LESS INC. AND D/B/A ROSS STORES TEXAS L.P.

09/08/2021 RETURN OF SERVICE ▾

COVER LETTER

OFFICERS RETURN OF DEF. ROSS STORES

Comment
OFFICERS RETURN OF DEF. ROSS STORES

10/04/2021 ORIGINAL ANSWER ▾

DEFENDANT'S ORIGINAL ANSWER

Comment
DEFENDANT'S ORIGINAL ANSWER

10/04/2021 JURY TRIAL DEMAND

02/28/2022 DISMISSAL HEARING ▾

3 CCL#4 Y LETTER

Judicial Officer
ROSALES, PAULA

Hearing Time
9:00 AM

## Financial

MONTOYA, MARIA C

| | | |
|---|---|---|
| Total Financial Assessment | | $321.00 |
| Total Payments and Credits | | $321.00 |

| | | | | |
|---|---|---|---|---|
| 9/2/2021 | Transaction Assessment | | | $321.00 |
| 9/2/2021 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2021-09109 | MONTOYA, MARIA C | ($321.00) |

ROSS STORES, INC., A CORPORATION D/B/A ROSS DRESS FOR LESS INC., AND D/B/A ROSS STORES TEXAS L.P

| | | |
|---|---|---|
| Total Financial Assessment | | $40.00 |
| Total Payments and Credits | | $40.00 |

| | | | | |
|---|---|---|---|---|
| 10/4/2021 | Transaction Assessment | | | $40.00 |
| 10/4/2021 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2021-10405 | ROSS STORES, INC., A CORPORATION D/B/A ROSS DRESS FOR LESS INC., AND D/B/A ROSS STORES TEXAS L.P | ($40.00) |

## Documents

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

3 CCL#4 Y LETTER

CITATION 2012

COVER LETTER

OFFICERS RETURN OF DEF. ROSS STORES

DEFENDANT'S ORIGINAL ANSWER

# EXHIBIT
## "2"

FILED
8/31/2021 5:28 PM
JOHN P. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. <u>CC-21-03729-D</u>

| | | |
|---|---|---|
| **MARIA C. MONTOYA** | § | **IN THE COUNTY COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **AT LAW NO. _____** |
| | § | |
| **ROSS STORES, INC., a corporation d/b/a** | § | |
| **ROSS DRESS FOR LESS INC.,** | § | |
| **and d/b/a ROSS STORES TEXAS L.P.,** | § | |
| **Defendant(s)** | § | |
| | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MARIA C. MONTOYA, hereinafter referred to as Plaintiff, complaining of ROSS STORES, INC., a corporation d/b/a ROSS DRESS FOR LESS INC., and d/b/a ROSS STORES TEXAS L.P., hereinafter referred to as Defendant, and would respectfully show this Honorable Court as follows:

### 1.00    LEVEL OF DISCOVERY CONTROL PLAN

Pursuant to Texas Rule of Civil Procedure 190.1, discovery is intended to be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

### 2.00    PARTIES

2.01    Plaintiff Maria C. Montoya is an individual and a resident of the State of Texas.

2.02    Defendant ROSS STORES, INC., a corporation d/b/a ROSS DRESS FOR LESS INC., and d/b/a ROSS STORES TEXAS L.P., is an entity incorporated in the State of Texas and doing business in the State of Texas. Defendant's principal place of business at 2130 Hacienda Drive, Dublin, California 94568-76335. Defendant can be served with process by serving its registered agent. C.T. Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201 or

wherever agent may be. Plaintiff requests that citation be issued.

### 3.00    JURISDICTION AND VENUE

3.01    The Court has subject matter jurisdiction over the controversy because Plaintiff seeks money damages within the jurisdictional limits of this court. The Court has personal jurisdiction over the Defendant because: (1) Defendant is doing business for profit in Texas and maintains minimum contacts with the State of Texas; (2) Defendant engaged in foreseeable, intentional, continuous, and/or systematic contacts within Texas, and/or (3) Defendant committed a tortious act made the basis of this action in Texas. Thus, exercising jurisdiction of the Defendant does not offend traditional notions of fair play and or substantive justice. Any removal, or consent to removal, of his case to federal court would be improper

3.02    Venue of this lawsuit is proper in Dallas County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002 (a)(1) & (2) because: (1) all of the events and omissions giving rise to the claim occurred in Dallas County; and (2) One or more of the Defendants is a natural person that resided in Dallas County at the time the cause of action accrued.

### 4.00    FACTUAL STATEMENT

4.01    The incident made the basis of this lawsuit took place on or about August 21, 2020. Plaintiff was an invitee at Defendants ROSS retail store in Irving, Texas. The specific store she visited was the Ross Dress for Less, located at 3905 W. Airport Fwy in Irving, Tx 75062, in Dallas County. Plaintiff was at this store for the purpose of retail shopping. Plaintiff was safely and prudently turning into a shopping aisle when her foot slipped on an unknown liquid substance, causing her to fall and incur violent injuries. This liquid was on the floor in an area used by all customers and people walking through the store. As a direct and proximate result of the hereinafter

described negligence of the Defendant, acting individually and by and through its agents, employees and/or vice-principals in the course and scope of their agency and employment, Plaintiff has suffered serious personal injuries.

4.02    On or about August 21, 2020, Plaintiff was shopping at the Ross Dress for Less in Irving, Texas, which is owned and/or controlled by Defendant ROSS STORES, INC., A CORPORATION D/B/A ROSS DRESS FOR LESS INC., AND D/B/A ROSS STORES TEXAS L.P., in Dublin, California.

4.03    Defendant was the owner, occupier and/or controller of the premises where Plaintiff's injuries occurred. Defendant had actual or constructive knowledge of the liquid substance on the tile floor.  The liquid substance posed an unreasonable risk of harm.  Defendant did not exercise reasonable care to reduce or eliminate the risk posed by the liquid substance. Defendant's failure to use such care proximately caused the Plaintiff's injuries.  At said time and place, Defendant was guilty of certain acts and/or omissions, each of which constitute negligence, and each of which were a proximate cause of Plaintiff's resulting injuries and damages, which are hereinafter set out.

**5.00**    **NEGLIGENCE   CAUSE   OF   ACTION:   ROSS   STORES,   INC.,   A CORPORATION D/B/A ROSS DRESS FOR LESS INC., AND D/B/A ROSS STORES TEXAS L.P.**

5.01    NEGLIGENCE: Defendant failed to act as a reasonable and prudent owner, occupier, controller and/or manager of the premises should have acted under the same or similar circumstances, failed to provide Plaintiff with a reasonably safe place to walk, and exposed Plaintiff to unreasonable risks of harm while on the premises owned, occupied, controlled and/or managed by Defendant. Defendant was negligent as that term is defined by law, and its conduct was a proximate

cause of the incident in question and Plaintiff's injuries and damages. When it is alleged that Defendant acted or failed to act, it is alleged that Defendant did so through the agents, officers, employees, principals and vice-principals of Defendant, acting within the course and scope of their employment, agency and authority. Additionally, among other acts and omissions, Defendant was negligent by:

1.  Failing to properly and adequately maintain the tile floor;

2.  Failing to provide competent safety management;

3.  Failing to adopt available, non-injurious practices and procedures applicable to the industry;

4.  Failing to provide adequate assistance;

5.  Failing to warn Plaintiff of unreasonable dangers and risks of harm to which Plaintiff was exposed while walking on the tile floor;

6.  Failing to provide adequate and available safety equipment;

7.  Exposing Plaintiff to unreasonable risks of harm while walking on the tile floor;

8.  Failing to comply with Defendants' own health and safety policies and procedures;

9.  Failing to comply with the health and safety policies and procedures applicable to the industry;

10. ;such as "no food or drink allowed on the premises".

11. Allowing Plaintiff to proceed across the tile floor when it was unsafe to do so;

12. Failing to eliminate the liquid substance on the tile floor which constituted an unreasonable risk of harm.

13. Failure to employ or retain adequate security or janitorial services to keep the premises free from defects and/or unreasonably dangerous conditions;

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE
                        Page 4

Each act of negligence proximately caused Plaintiff's injuries.

5.02   <u>VICARIOUS LIABILITY:</u>  Additionally, Defendant is responsible and liable for the negligent, illegal, and grossly negligent/malicious acts and/or omissions of its employees, agents, officers, principals and vice-principals, acting within the course and scope of their employment, agency and authority as set forth herein.

5.03   Plaintiff would show that each and every aforementioned act or omission, singularly and severally, constitutes negligence on the part of Defendant, which was a direct and proximate cause of the injuries and damages sustained by Plaintiff.

### 6.00   <u>MALICE / GROSS NEGLIGENCE</u>

The negligence of Defendant, as described herein, was more than mere momentary thoughtlessness, error, or inadvertence.  This malice and gross negligence of Defendant, when viewed objectively from the standpoint of Defendant at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including Plaintiff, and of which Defendant had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiff.  This malice and gross negligence were a proximate cause of the injuries and damages suffered by Plaintiff.

### 7.00   <u>DAMAGES</u>

Plaintiff would show that as a direct and proximate result of the acts and/or omissions committed by Defendant, Plaintiff was caused to suffer serious and permanent personal injuries to Plaintiff's shoulder, neck, back and general body, all of which have caused Plaintiff in the past, and will cause Plaintiff in the future, physical pain, mental anguish, lost wages, loss of earning capacity,

physical impairment, medical and hospital expenses, for which Plaintiff should be compensated in accordance with the laws of the State of Texas. Plaintiff further seeks punitive and exemplary damages as appropriate as a result of Defendants malice and/or gross negligence.

## 8.00   JURY DEMAND

Plaintiff respectfully requests that the trial of this cause be by Jury, and Plaintiff will tender the requisite jury fee.

## 9.00   RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

Plaintiff prefers to have the Jury determine the fair amount of compensation for Plaintiff's damages, and it is early in the case to be assessing the full nature and scope of Plaintiff's injuries. As such, Plaintiff places the decision regarding the amount of compensation to be awarded wholly in the Jury's hands. Rule 47(c)(5) of the Texas Rules of Civil Procedure, however, *requires* Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, because the Jury should be awarded absolute discretion over the damages and should not be required to keep its award within any artificial caps, Plaintiff states that if the Jury believes the evidence supports it, Plaintiff seeks monetary relief in the maximum category of damages –relief of over $1,000,000.00– but in an amount to be determined by the Jury that could be more or less than the categories the legislature decided a party must choose to obtain basic discovery.

## 10.00   REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff hereby requests that Defendants disclose, within 30 days of service, the information or material described in Texas Rule of Civil Procedure 194.2(a – l).

## 11.00   PRAYER

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**
**Page 6**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant be cited to appear and answer herein and that upon full and final hearing of this cause, Plaintiff has judgment of and from the Defendant, as follows:

A.    For all actual damages, both past and future, as prayed for herein;

B.    For punitive and exemplary and described herein;

C.    For all of Plaintiff's costs of court;

D.    For pre-judgment interest at the highest legal rate and for the longest period of time allowed by law on all elements of damage claimed herein;

E.    For post-judgment interest at the highest legal rate allowed by law on the amount of the judgment entered by the Court from the date of judgment until collected;

F.    For such other and further relief, both general and specific, at law or in equity, to which this Honorable Court should find Plaintiff to be justly entitled.

Respectfully submitted,

**JOHN R. SALAZAR, P.C.**

*Aryssa James Stinnett*

**ARYSSA TORRES STINNETT**
State Bar No. 24115867
THE SALAZAR CENTER
2201 Main St., 9th Floor
Dallas, Texas 75201
(214) 696-5292
(214) 698-5656 (Fax)
ATORRES@JOHNSALAZAR.COM

**ATTORNEY FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nayelly Macias on behalf of Aryssa Torres
Bar No. 24115867
nmacias@johnsalazar.com
Envelope ID: 56868652
Status as of 9/2/2021 8:54 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|-------------------|--------|
| Aryssa Torres | | atorres@johnsalazar.com | 9/1/2021 12:37:23 PM | SENT |
| eservice John Salazar P.C. | | eservice@johnsalazar.com | 9/1/2021 12:37:23 PM | SENT |
| Leslie Munoz | | lmunoz@johnsalar.com | 9/1/2021 12:37:23 PM | SENT |

# EXHIBIT
# "3"

Filed: 4/7/21
Jes # 101969

## ATTORNEY

**CITATION**
PLAINTIFF'S ORIGINAL PETITION AND
REQUEST FOR DISCLOSURE

**CC-21-03729-D**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 4
Dallas County, Texas

vs.

MARIA C MONTOYA, *Plaintiff(s)*

vs.

ROSS STORES, INC., A CORPORATION
D/B/A ROSS DRESS FOR LESS INC., AND
D/B/A ROSS STORES TEXAS L.P,
*Defendant(s)*

**SERVE:**
ROSS STORES, INC., A CORPORATION
D/B/A ROSS DRESS FOR LESS INC., AND
D/B/A ROSS STORES TEXAS L.P
SERVE ITS REGISTERED AGENT:
C.T. CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS, TX 75201

**ISSUED THIS**
7TH DAY OF SEPTEMBER, 2021

JOHN F. WARREN, COUNTY CLERK
BY: MOMODOU BAYO, DEPUTY

Attorney for Plaintiff

ARYSSA LEANN TORRIS STINNETT
2201 MAIN STREET, 9TH FLOOR
DALLAS, TX 75201
214-696-5292

**NO OFFICERS FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK**

---

# THE STATE OF TEXAS
## CITATION
CAUSE NO. CC-21-03729-D
COUNTY COURT AT LAW NO. 4
Dallas County, Texas

**TO:**

ROSS STORES, INC., A CORPORATION D/B/A ROSS DRESS FOR
LESS INC., AND D/B/A ROSS STORES TEXAS L.P
SERVE ITS REGISTERED AGENT:
C.T. CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS, TX 75201

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."  Your answer should be addressed to the clerk of County Court at Law No. 4 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

MARIA C MONTOYA
*Plaintiff(s)*

vs.

ROSS STORES, INC., A CORPORATION D/B/A ROSS DRESS FOR LESS INC., AND D/B/A ROSS STORES
TEXAS L.P
*Defendant(s)*

Filed in said Court on the 31st day of August, 2021, a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN,** Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 7th day of September, 2021 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____, Deputy
     Momodou Bayo



**OFFICER'S RETURN**

CC-21-03729-D   County Court at Law No. 4

MARIA C MONTOYA vs. ROSS STORES, INC., A CORPORATION D/B/A ROSS DRESS FOR LESS INC., AND D/B/A ROSS STORES TEXAS L.P

**ADDRESS FOR SERVICE:**
SERVE ITS REGISTERED AGENT:
C.T. CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS, TX 75201

**Fees:**

Came to hand on the _____ day of _____, 20___, at _____ o'clock _____ .m, and executed in _____ County, Texas by delivering to ROSS STORES, INC., A CORPORATION D/B/A ROSS DRESS FOR LESS INC., AND D/B/A ROSS STORES TEXAS L.P in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
|  |  |  |
|  |  |  |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

Serving Petition and Copy $ _____

Total   $ _____

_____, Officer

By: _____, County, Texas

_____, Deputy

_____, Affiant

# EXHIBIT
## "4"

FILED
10/4/2021 10:33 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

ROS.26085

## CAUSE NO. CC-21-03729-D

| | | |
|---|---|---|
| MARIA C. MONTOYA, | § | IN THE COUNTY COURT |
|     Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | AT LAW NO. 4 |
| ROSS STORES, INC., a corporation d/b/a | § | |
| ROSS DRESS FOR LESS, INC., and d/b/a | § | |
| ROSS STORES TEXAS L.P., | § | |
|     Defendants. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT ROSS STORES, INC.'S ORIGINAL ANSWER
## TO PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant **ROSS STORES, INC.** (incorrectly named and sued as "**ROSS STORES, INC., a corporation d/b/a ROSS DRESS FOR LESS, INC., and d/b/a ROSS STORES TEXAS L.P.**") now comes and files its Original Answer to Plaintiff's Original Petition. In support of same, Defendant would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition and demands strict proof thereof.

### II.

Defendant more specifically denies that it, by and through its representatives and employees, had any actual or constructive knowledge of an unreasonably dangerous condition in the area where Plaintiff allegedly fell. Without any knowledge of an unreasonably dangerous condition, Defendant would not know to warn others of such condition.

**III.**

Pleading further, in the alternative, and by way of affirmative defense, Defendant would show that the condition of which Plaintiff complains was open and obvious or was a condition of which Plaintiff had actual or constructive knowledge.  Because Plaintiff was aware or should have been aware of the alleged dangerous condition, the condition did not pose an unreasonable risk and Defendant owed no duty to Plaintiff to warn of the alleged condition or make such condition safe.

**IV.**

Pleading further, in the event that Defendant is found to be liable to Plaintiff under any theory of negligence or other cause of action under law, Defendant asserts the doctrine of comparative causation as provided under Texas law, requiring that the harm caused by the negligence of Plaintiff be compared by the trier of fact with the harm, if any, caused by the alleged negligence of Defendant.  For further answer, and in the alternative, Defendant alleges that Plaintiff's claims are barred or reduced due to the negligence of Plaintiff, which contributed to or proximately caused the injuries and damages alleged by Plaintiff in Plaintiff's Original Petition. Defendant, therefore, would respectfully request that the trier of fact consider Plaintiff's own negligence in the determination of facts and apportionment of liability in this matter.

**V.**

In the event that Defendant is found to be liable to Plaintiff and in the event that Plaintiff's injuries are found to have been caused by the accident made the basis of this lawsuit, Defendant pleads that Plaintiff's recovery of medical and health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.  TEXAS CIVIL PRACTICE & REMEDIES CODE §41.015.

## VI.

Pleading further, Defendants seek the application of Section 18.091 of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Specifically, Defendants maintain that Plaintiff, "if seeking recovery for loss of earnings, loss of earning capacity, loss of contribution of a pecuniary value and/or loss of inheritance, must present evidence in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any Federal Income Tax Law."

## VII.

Pleading further, and in the alternative, without waiving the foregoing, Defendant states that no party is entitled to recover punitive damages or exemplary damages in any form or fashion in this alleged cause of action, in that it would violate this Defendant's rights under the Constitution of the United States and the Constitution of the State of Texas, as follows:

(a)     The Contracts Clause of Article 1, Section 10, of the United States Constitution is violated because any party's claim of punitive damages is an attempt to impose punitive damages through retrospective application of new, judge-made substantive rules.  Due process requires fair notice of the type of conduct that will subject a person or entity to monetary punishment, and fair notice of a range of any monetary punishment that may be imposed for deviation from the standard.  Due process prohibits punishment for violation of unsettled standards and standards not judicially established until the conduct complained of has taken place.

(b)     Due process requires proof of gross negligence and punitive damages by a standard greater than the "clear and convincing evidence" standard.  Lack of a sufficient standard governing punitive damages awards in Texas violates the due process clause of the Constitution of the United States.

(c)     The assessment of punitive damages, a remedy that is essentially criminal in nature, without the safeguards greater than that afforded by Texas civil procedure and law, constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States.

(d)     Punitive damages under Texas civil procedure and law constitute an excessive fine and/or cruel and unusual punishment in violation of the Eighth Amendment of the Constitution of the United States.

## VIII.

Pleading further, and in the alternative, without waiving the foregoing, Defendant would further show that the submission to the jury of "specific questions" permitting an actual or potential recovery of punitive or exemplary damages is inappropriate and impermissible due to the following:

(a)     There is no evidence and/or insufficient evidence to warrant the submission of specific questions to the trier of fact allowing an actual or potential recovery of punitive or exemplary damages, and an affirmative answer by the trier of fact to such specific questions would be supported by no evidence and/or by insufficient evidence.

(b)     Punitive or exemplary damages are criminal or quasi-criminal in nature, and Plaintiff should be required to prove the basis of such damages beyond a reasonable doubt, and the failure to require such is a denial of due process of law and a denial of equal protection of the law under the Constitutions of the United States and Texas.

(c)     An award of punitive or exemplary damages would constitute a taking of property without due process of law as guaranteed by the Constitutions of the United States and Texas.

(d)     It is a denial of due process of law and of equal protection of the law under the Constitutions of the United States and Texas to permit a corporation to be vicariously liable for punitive or exemplary damages which are awarded on the basis of acts or omissions of employees, agents, or representatives of the corporation based on the doctrine of *respondeat superior* or any other vicarious liability doctrine.

(e)     Punitive and/or exemplary damages provide unjust enrichment to Plaintiff by an unconstitutional taking of property without due process pursuant to the Constitutions of the United States and Texas.

(f)     Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that, both on its face and in application, it denies Defendant due process of law and equal protection of the law under the Constitutions of the United States and Texas.

(g)     Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that it prevents courts and juries from consistently applying the law, and further prevents effective judicial review of such punitive or exemplary damage awards.

(h)     Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that the basis of such damages cannot be clearly and readily identified in advance so as to guide the behavior of individuals in their actions, thus constituting an *ex post facto* law prohibited by the Constitutions of the United States and Texas.

(i)      An award of punitive or exemplary damages would violate the Excessive Fines Clause and/or the Cruel and Unusual Punishments Clause of the Eighth Amendment as applied through the Fourteenth Amendment of the Constitution of the United States.

## IX.

Defendant asserts with respect to Plaintiff's claim or any potential claim for punitive damages, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000.00; or (2) two times the amount of economic damages plus $200,000.00, pursuant to the statutory mandates of TEXAS CIVIL PRACTICE & REMEDIES CODE §41.002-41.009, including the increased burden of proof.

## X.
## JURY DEMAND

In accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant hereby demands a trial by jury.  Simultaneously with the filing of this demand, a jury fee is being paid on behalf of Defendant.

**WHEREFORE, PREMISES CONSIDERED**, Defendant **ROSS STORES, INC.** (incorrectly named and sued as "**ROSS STORES, INC., a corporation d/b/a ROSS DRESS FOR LESS, INC., and d/b/a ROSS STORES TEXAS L.P.**") prays that Plaintiff takes nothing by this suit, that Defendant be awarded its costs, and for such other and further relief, both general and special, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

**FLETCHER, FARLEY
SHIPMAN & SALINAS, LLP**

 */s/ Fernando P. Arias*
**FERNANDO P. ARIAS**
State Bar No. 24025946
**MITCHELL B. ROBBINS**
State Bar No. 24103902
9201 N. Central Expwy., Suite 600
Dallas, Texas  75231
214-987-9600
214-987-9866  fax
fred.arias@fletcherfarley.com
mitchell.robbins@fletcherfarley.com

**ATTORNEYS FOR DEFENDANT
ROSS STORES, INC.** (incorrectly named and
sued as "**ROSS STORES, INC., a corporation
d/b/a ROSS DRESS FOR LESS, INC., and d/b/a
ROSS STORES TEXAS L.P.**")

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been mailed, telecopied, hand delivered, or electronically transmitted to all attorneys of record in this cause of action, in compliance with Rule 21a. of the TEXAS RULES OF CIVIL PROCEDURE, on the 4th day of October, 2021.

 */s/ Fernando P. Arias*
**FERNANDO P. ARIAS**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Abby Golman on behalf of Fernando Arias
Bar No. 24025946
abby.golman@fletcherfarley.com
Envelope ID: 57834221
Status as of 10/4/2021 2:51 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John RSalazar | | eservice@johnsalazar.com | 10/4/2021 10:33:33 AM | SENT |
| Leslie Munoz | | lmunoz@johnsalazar.com | 10/4/2021 10:33:33 AM | SENT |
| ARYSSA TORRESSTINNETT | | ATORRES@JOHNSALAZAR.COM | 10/4/2021 10:33:33 AM | SENT |
| Fernando P.Arias | | fred.arias@fletcherfarley.com | 10/4/2021 10:33:33 AM | SENT |
| Abby Golman | | abby.golman@fletcherfarley.com | 10/4/2021 10:33:33 AM | SENT |
| Wendy Swartzell | | wendy.swartzell@fletcherfarley.com | 10/4/2021 10:33:33 AM | SENT |
| Mitchell B.Robbins | | mitchell.robbins@fletcherfarley.com | 10/4/2021 10:33:33 AM | SENT |
| Tracy D.Adams | | tracy.adams@fletcherfarley.com | 10/4/2021 10:33:33 AM | SENT |